RECEIVED
APR 1 0 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CANDACE SIMS | CIVIL ACTION NO. 6:17-CV-490 |
| v. | JUDGE DOHERTY |
| CHERYL BETHEA, ET AL. | MAGISTRATE JUDGE HANNA |

## RULING

On June 2, 2015, *pro se* plaintiff Wallace Jones filed an action under 42 U.S.C. § 1983, based upon alleged conspiracies that occurred in child custody proceedings before the Family Court of the Fifteenth Judicial District Court for the State of Louisiana.[1] While exceedingly difficult to follow, generally the complaint argued there existed a conspiracy led by a Louisiana juvenile court judge, Louisiana state court prosecutors and court officials, and DCFS. According to Mr. Jones, the object of the conspiracy was to violate the constitutional rights of plaintiff, his children, and Candace Sims (the mother of plaintiff's children and plaintiff herein) and to "defraud[] the federal government for the federal re-imburstment [sic] for the care of child in need of care."[2]

According to Mr. Jones' Complaint, in August 2012, plaintiff's children were taken into DCFS custody based on an affidavit filed by DCFS investigator Cheryl Bethea.[3] According to the complaint, the grounds stated in the affidavit were "neglect [and] . . . charges of distrabution [sic]

---

[1] *See* Civil Action No.: 15-1816

[2] *Id.* at Doc. 43, p. 8 (emphasis omitted)

[3] *Id.* at 6

Page 1 of 4

of marijana [sic] and while in the presence of a minor with allegations of weed in the room."[4] Thereafter, an Assistant District Attorney for the Fifteenth Judicial District began proceedings to terminate the parental rights of plaintiff and his children's mother.[5] On May 22, 2014, the state court "permanently and irrevocably terminated" Ms. Sims and Mr. Jones' parental rights.[6]

Mr. Jones sought the following relief from this Court: (1) "the timely return/release of the children"; (2) "the timely restoration of constitutional parental rights"; (3) "the timely reversal/dismissal of any and all adjudication and or judgements" in the state court matter; (4) "monetary and punitive damages in the amount of $100,000,000.00 to be paid by the State of Louisiana"; and (5) "the criminal prosecution/investigation into the corruption displayed within Judge Clause's court room conspiracy in this matter to violate the parental constitutional rights criminally." [Doc. 43, pp. 17-18 (emphasis omitted)]

Ultimately, the Court determined it lacked subject-matter jurisdiction over Mr. Jones' suit, based upon the *Rooker-Feldman* doctrine[7], finding as follows:

> It is clear in this matter that plaintiff's lawsuit amounts to a collateral attack on the state court's judgment terminating his parental rights: the complaint asks this court to reverse or dismiss all judgments entered in the state court proceeding and restore his parental rights. The sole cause of plaintiff's injury is the state court judgment. Plaintiff's attempt to classify his alleged injury as a civil rights injury is prohibited by *Rooker-Feldman*. Plaintiff's claims are "inextricably intertwined" with the state court judgment, such that this Court could not rule in his favor without overturning the state court. Accordingly, plaintiff's recourse for any constitutional violations committed by these defendants is on writ of certiorari to the United States

---

[4]*Id.* at 13 (emphasis omitted)

[5]*Id.* at 6

[6]Doc. 1-2, p. 85

[7]Doc. Nos. 84, 85, 92, and 93

Supreme Court.[8]

On March 16, 2017, Mr. Jones again filed suit in this Court, seeking the same relief.[9] On March 27, 2017, the Court issued an Order stating as follows:

> For the reasons provided in this Court's Ruling and Order dismissing this suit without prejudice issued on October 14, 2016 [Doc. Nos. 92, 93], the Clerk of Court is INSTRUCTED to STRIKE plaintiff's recent filing [Doc. 95]. As previously noted, plaintiff's sole recourse in this matter is to file a writ of certiorari with the United States Supreme Court. [Doc. 95, p. 1][10]

On April 4, 2017, Candace Sims, the mother of Mr. Jones' children, filed this suit[11] alleging substantially similar facts, substantially similar claims, and substantially similar relief as Mr. Jones - most importantly, for these purposes, "the "timely return/release of the children."[12] For the reasons previously provided to Mr. Jones, this Court lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine. In light of the foregoing, Ms. Sims' suit is DISMISSED WITHOUT PREJUDICE.

Plaintiff Candace Sims is CAUTIONED to familiarize herself with Fed. R. Civ. P. 11. Should Ms. Sims file another complaint seeking to reverse, dismiss or invalidate the state court judgment regarding the custody of her children, and if that suit is found to be without jurisdictional basis, she may be cast with costs and attorney's fees, and sanctioned appropriately.

---

[8]Doc. 84, pp. 4-5 (internal citations omitted)

[9]Doc. 95

[10]Doc. 96

[11]The Complaint in this matter appears to have been authored by the same person who authored Mr. Jones' pleadings.

[12]Civil Action No. 17-490, Doc. 1, p. 47. Like Mr. Jones' suit, this suit also seeks "monetary and punitive Damages in the amount of: 100,000,000.00. To be Paid by the state of Louisiana to the parents Wallace Jones, and/or Candace Sims." *Id.*

Additionally, any future pleadings or complaints filed by Ms. Sims, whether *pro se* or through counsel, shall be VERIFIED by her prior to submission and filing with the United States District Court for the Western District of Louisiana.

THUS DONE AND SIGNED in Lafayette, Louisiana, this **10** day of April, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE